## W. T. & P. J. Brett *v.* E. M. Sayle, Surviving Partner, etc.

Chancery. *Bill to enforce set-off. Judgment. Open account. Case in judgment.*

B. leased a plantation from W. and then sublet it to S. who agreed, in writing, to pay the rent to W. But S. failed to pay the rent when it became due, and B. sued and recovered a judgment against him for the amount thereof. On the trial of that action S. offered as a set-off to the demand for rent, an open account against B., but it was rejected by the court. S. then filed a bill alleging that B. was insolvent, and asking that the complainants' account against

him be set-off against the judgment for rent, the former being the greater
*Held*, that the bill is not maintainable; for if S. had paid the rent to W., as
it was his duty to do, he would still have held the account against B., and
he cannot gain any advantage by his own breach of duty.

APPEAL from the Chancery Court of Yalobusha County.
Hon. A. B. FLY, Chancellor.

In August, 1880, E. M. Sayle, surviving member of the firm
of D. L. Sayle & Co., filed the bill in this case, against W.
T. & P. J. Brett, alleging that in January, 1880, the Bretts,
in order to collect the rent which Sayle & Co. owed them as
sublessees of a certain plantation, sued out a writ of seizure
against E. M. Sayle, as surviving partner, and caused the same
to be levied on six bales of cotton, and judgment was after-
wards rendered by the Circuit Court in favor of the Bretts for
the $330 as the value of the cotton, it having been retained
by Sayle under a forthcoming bond; that in the trial of that
proceeding, Sayle offered as a set-off to the demand for rent an
open account for $568, which the Bretts owed Sayle & Co. for
merchandize, but the court refused to admit the account as a
set-off, on the ground that the account was not admissible as
a set-off in such a proceeding, and that the Bretts are insolv-
ent, and while complainant cannot make his debt out of them,
they will collect their judgment against him, unless prevented
by the interposition of the Chancery Court. The bill prayed
for an injunction restraining the Bretts from the collection of
their judgment, and the amount due thereon be applied as a
part payment of complainants' claim against them.

The defendants answered the bill, averring that they leased
the plantation referred to in the bill from one E. P. Williams,
and then sublet it to Sayle & Co., who, in a written contract,
agreed to pay Williams the same rent as that for which the
defendants had leased the premises from Williams, and that
complainant was not allowed to set-off against the demand for
rent his account against the defendants, because the rent was
due to Williams and not to the defendants. Proof was taken

by both sides, and on the 30th of March, 1882, the court below rendered a decree in accordance with the prayer of the bill. Thereupon the defendants appealed.

*Fitz-Gerald & Whitfield*, for the appellants.

No fact could be more conclusively proven, than the fact proven in this case that the Circuit Court, in the writ of seizure case, excluded the account of appellee against the Bretts, as a set-off to the demand for rent, upon the sole and sufficient ground that the rent was due to Williams, and that the Bretts were seeking in that action to recover for Williams. But the chancellor could not be induced to decide the case upon its merits, but continuously interposed the technical objection that the judgment of the Circuit Court recited that payment thereof should be made to the appellants.

The court below ought to have risen above technically quibbling about the face of the judgment, and looked, in conformity with the rules of law and equity, to the whole record. 56 Miss. 246 ; 56 Miss. 573. The judgment or decree is not only interpreted by the preceding record, but the preceding record controls it. *Dogan* v. *Brown*, 44 Miss. 235 Finally, the court having assumed jurisdiction of the matter, and having taken full proof, ought to have decided the case upon its merits, as abundantly shown by the proofs.

*G. H. Lester*, for the appellee.

There is no error in the decree allowing the set-off and perpetuating the injunction, because : —

1. The Circuit Court had no jurisdiction of the set-off. The suit in that court was a proceeding *in rem*, and the jurisdiction of the court was confined to the property seized under the writ. When that was disposed of, the jurisdiction was at an end. *Hartsell* v. *Myers*, 57 Miss. 135 ; *Burrass* v. *Sanders* 57 Miss. 211 ; 57 Miss. 605.

2. The Circuit Court having no power to allow the set-off, a court of equity will interfere and grant relief. The insolvency of appellants, Brett, the judgment-creditors, is the spe-

cial intervening equity that confers the jurisdiction. *Condon* v. *Shehan*, 46 Miss. 710; *Perkins* v. *Coleman*, 51 Miss. 298; 3 Humph. 220; 2 Head, 194.

3. As to the pretence of appellants that the rent belonged to E. P. Williams and not to them, the judgment of the Circuit Court in their favor, rendered at their instance, is a conclusive answer against them.

COOPER, J., delivered the opinion of the court.

Though the judgment at law was rendered in favor of the appellants, it is clearly shown by the evidence that it was upon a demand payable through them to Williams, the landlord.

If the appellee had complied with the terms of his contract, Williams would have received his rent and the appellee would have continued the owner of the claim against the insolvent appellants. He cannot derive a benefit from his own breach of duty.

The decree is reversed, and decree directed to be entered here dissolving the injunction and dismissing the bill.